# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-1290V

|  |  |
|---|---|
| ROCCALINA MARAGLIANO,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 30, 2026 |

*Mark T. Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.*

*Emilie Williams, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 28, 2021, Roccalina Maragliano filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered left arm pain, left arm numbness, frozen shoulder syndrome, neuralgic pain, and subacromial/subdeltoid bursitis which were caused-in-fact or significantly aggravated by a measles mumps rubella vaccination which was administered on May 21, 2019. Petition, ECF No. 1. On July 9, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 56.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $46,881.13 (representing $44,792.50 in fees plus $2,088.63 in costs). Application for Attorneys' Fees and Costs ("Motion") filed November 26, 2025, ECF No. 61. Furthermore, counsel for Petitioner did not submit any request or supporting evidence regarding Petitioner's personal out-of-pocket expenses. ECF No. 61. Respondent did not file a response to Petitioner's Motion.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the fees request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, I have reviewed the requested costs. I find the majority of the requested costs to be reasonable and fully supported, with the exception of an administrative fee charged by Petitioner's counsel in the amount of $100.00 with no proffered description or additional details regarding this charge. See ECF No. 61-2 at 1. Counsel should note that it is not the practice of OSM to reimburse Petitioners for administrative charges. It is well established in the Program that administrative work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); See also *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014); *Mostovoy v. Sec'y of Health & Human Servs., 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).* Thus, I hereby reduce the requested costs by $100.00 to account for this issue.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $46,781.13 (representing $44,792.50 in fees plus $1,988.63 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master